LOUIS SOLOMON, Respondent, v. ATLANTIS STEEL PARTITION Co., INC., et al., Appellants.— Action to replevin steel, to recover a balance of an advance remaining unpaid, loss of profits and of overpayments, to which defendants interpose counterclaims for the value of steel represented by overshipment, and for damages for breach of contract. Judgment for plaintiff modified on the law by striking therefrom the first, fifth and sixth ordering paragraphs; and by inserting in the judgment paragraphs providing as follows: (1) that the first and second causes of action be dismissed on the merits; (2) that the second and third counterclaims be dismissed on the merits; (3) that defendant Atlantis Steel Partition Co., Inc., have judgment against plaintiff for the sum of $3,874.30, with interest from February 15, 1943, on its first counterclaim; and (4) that the parties have costs and disbursements on their respective recoveries, to be taxed by the clerk and entered herein. As thus modified, the judgment is affirmed, without costs. The provisions of the tenth paragraph of the contract, when considered in conjunction with all of the remaining paragraphs, and particularly the third paragraph thereof, make it clear that the seller was not to be held accountable for 25% of the steel purchased by the buyer as an allowance for loss in cutting the steel or otherwise fabricating it. There was no proof that the conduct of defendants misled plaintiff to his damage, except that thereby the plaintiff found himself without steel, at the

time of termination of the relationship, which he might otherwise have obtained to fill his orders if he had not been assured that he had steel on hand in the possession of defendant Atlantis Steel Partition Co., Inc. In the light of the circumstances, plaintiff is entitled to recover for his loss of profits. Close, P. J., Hagarty and Carswell, JJ., concur; Adel, J., concurs except as to the amount of the judgment to which defendant Atlantis Steel Partition Co., Inc., is entitled on its first counterclaim, as to which he dissents, being of the opinion that the judgment thereon should be for $2,905.74, instead of $3,874.30. The parties agree that 787,075 pounds of steel were furnished by the plaintiff, and that the steel fabricated and returned amounted to 648,421 pounds. Under this court's interpretation of the contract, the said defendant was required to return but 590,306¼ pounds of fabricated steel. On the difference between the amount of fabricated steel actually returned and that for which said defendant was required to account, it has allowed the plaintiff five cents a pound. It is this difference of 58,114¾ pounds, at five cents per pound, that should be returned to the said defendant under its counterclaim, namely, $2,905.74. Lewis, J., concurs except as to that part of the decision which awards judgment to defendant Atlantis Steel Partition Co., Inc., on its first counterclaim, as to which he dissents and votes to affirm, without modification in that respect, the judgment appealed from, with the following memorandum: There is no dispute that plaintiff actually bought all the steel used in the manufacture of the fixtures. On only two occasions did said defendant purchase steel, and at those times plaintiff paid for it. There is no claim that the said defendant used any of its own steel in order to fabricate the fixtures delivered to plaintiff. The conclusion is inescapable that the alleged overshipment to plaintiff, based upon a mathematical computation of a flat 25% allowance to defendant for salvage, was made from plaintiff's own steel. To permit said defendant to recover on its counterclaim would, in effect, be compelling plaintiff to pay twice for the same steel. As I interpret the tenth paragraph of the contract, it allowed said defendant a credit of up to 25% of the steel supplied to it for actual loss in fabrication. That loss, however, seems to have been less, so that said defendant evidently could deliver more than 75% of the steel in the form of the finished product. But as this was plaintiff's own steel, there is no basis for compelling him to pay for it again. Said defendant does not assert that it was not paid for the merchandise sold plaintiff; the contract provision as to the allowance for waste is given effect by the decision dismissing plaintiff's cause of action in replevin; and the parties should be left in that position. Settle order on notice.